```
IN THE UNITED STATES DISTRICT COURT FOR THE
           EASTERN DISTRICT OF OKLAHOMA
```

| | | |
|---|---|---|
| PAUL HOWARD TILLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-10-430-FHS |
| | ) | |
| TRAVELENE FISH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, Paul Howard Tilley, has moved the Court for leave to proceed *in forma pauperis* on his civil rights complaint for a claim arising out of his residence in the Northview Apartments in Okemah, Oklahoma. Plaintiff has submitted his affidavit in support of his motion to proceed *in forma pauperis*. Having reviewed the motion and affidavit, the Court finds Plaintiff is entitled to proceed *in forma pauperis* in the prosecution of this action. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is therefore granted.

The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to afford indigent litigants with the ability to meaningfully access the federal courts. Neitzke v. Williams, 490 U.S. 19, 324 (1989). The ability to file a case under this statute, however, is not without limitations. Because an indigent litigant utilizing the *in forma pauperis* statute lacks any economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits, Congress has authorized federal courts to dismiss any claim if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§

1915(e)(2)(B)(i) and 1915A(b)(1). Typically, a dismissal on these grounds is "made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke 490 U.S. at 324.

When considering a dismissal for failure to state a claim upon which relief can be granted, the Court must liberally construe the allegations of a *pro se* plaintiff. The Supreme Court has recently announced that the inquiry to used when considering a dismissal for failure to state a claim upon which relief can be granted is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis in original).

In his civil rights complaint, Plaintiff, who contends he has a physical disability, names as Defendants the Northview Apartments, its manager, Travelene Fish, and its maintenance man, Chuck (last name unknown). Plaintiff alleges that on July 16, 2010, he called Travelene Fish to discuss a dispute he had with the pest control inspectors and that he heard Chuck, the maintenance man, shout "retard" in the background. Plaintiff heard laughter after the "retard" comment and questioned Travelene Fish about who made the "retard" comment and who was laughing. Plaintiff contends Travelene Fish denied anyone called him a "retard" and denied that anyone else was in the room with her. Plaintiff contends he was called a "retard" by either Travelene Fish or Chuck and that he was "bad mouthed" by Travelene Fish. Plaintiff asserts that Travelene Fish told the pest control inspectors that he was "weird" and that

2

the inspectors offered to pay Travelene Fish so that they could bypass Plaintiff's apartment.

Even assuming the validity of Plaintiff's allegations, the Court concludes Plaintiff has failed to state a claim upon which relief can be granted for any constitutional violation pursuant to 42 U.S.C. § 1983.  While the "retard," "weird," and general "bad mouthing" comments exhibit boorish and unprofessional conduct, they do not implicate constitutional concerns.  See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985)(name calling and verbal threats by prison guards do not state a claim of constitutional dimension). Moreover, the "under color of state law" requirement for a section 1983 claim is absent under the alleged facts.  This requirement is the equivalent of the "state action" requirement of the Fourteenth Amendment.  Lugar v. Edmonson Oil Co., 457 U.S. 922 (1982).  A review of the complaint reveals the absence of any allegation of conduct on the part of any defendant which can be considered "state action."  Finally, it could be argued that Plaintiff is asserting a claim under Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12182(a), for discriminatory treatment in connection with services of a place of public accommodation.  To the extent such a claim can be gleaned from the allegations of the complaint, as well as Plaintiff's marking of the "Amer. w/Disabilities - Other" box on his Civil Cover Sheet, for an alleged denial of pest control services, the complaint fails to state a claim upon which relief can be granted under the ADA as the alleged offending place of public accommodation is an unidentified and unnamed pest control company.

Based on the foregoing reasons, the Court is compelled to dismiss this action for failure to state a claim upon which relief can be granted.

It is so ordered this 2nd day of December, 2010.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma